UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-01877-MCS-DFM** | Date | April 16, 2026 |
| Title | ***Narvaez Loaisiga v. Johnson*** | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE: EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION (ECF NO. 4)**

Petitioner Nicole Julieth Narvaez Loaisiga brings this action for a writ of habeas corpus. (Pet., ECF No. 1.) Petitioner filed an ex parte application for a temporary restraining order and order to show cause why a preliminary injunction should not issue. (Appl., ECF No. 4.)

The application fails to comply with the rules governing Rule 65 motion practice and is denied on that basis. *E.g.*, Fed. R. Civ. P. 65(b)(1)(B) (requiring a movant's attorney to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required"); C.D. Cal. R. 65-1 (requiring "a proposed TRO, a declaration setting forth the facts and certification required by F.R.Civ.P. 65(b)(1)(A) and (B), and a proposed order to show cause why a preliminary injunction should not issue" to accompany any application for a temporary restraining order). The petition is also unverified. Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts, which applies to this Section 2241 proceeding, *see Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023), requires a habeas petition to be signed under penalty of perjury.

---

| Page 1 of 2 | CIVIL MINUTES – GENERAL | Initials of Deputy Clerk SMO |
|---|---|---|

Moreover, Section 2 of Central District of California General Order No. 26-05 prescribes an expedited schedule for briefing on the merits of petitions for writs of habeas corpus seeking immigration-related relief. Consistent with Section 3 of the General Order, the Court will deny any renewed motion that fails to provide a specific showing in a declaration made under penalty of perjury that Petitioner will suffer "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."

The application is denied.

**IT IS SO ORDERED.**