UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE JULIETH NARVAEZ LOAISIGA,<br><br>          Petitioner,<br><br>     v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>          Respondents. | Case No. 5:26-cv-01877-MCS-DFM<br><br>ORDER RE: REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE (ECF NO. 12) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (ECF No. 1), the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge, ("R. & R.," ECF No. 12). No objections to the Report and Recommendation have been filed. The Court accepts the report, findings, and recommendations of the Magistrate Judge, except with respect to the recommended relief, on which the Court respectfully disagrees with the Magistrate Judge.

In addition to an individualized bond hearing within seven days, the Magistrate Judge recommends that the parties be ordered "to file a status report within ten (10) days of the issuance of the writ detailing if and when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for denial." (R. &

1

R. 7.) The Court does not perceive this requirement as necessary given that Petitioner does not seek this relief in her petition. (*See* Pet., Prayer for Relief.) Moreover, if Petitioner is denied bond, she will be able to appeal that denial to the Board of Immigration Appeals ("BIA"). Any challenge to the sufficiency of Petitioner's bond hearing should be presented to the BIA in the first instance, unless Petitioner presents grounds for excusing exhaustion. *Leonardo v. Crawford*, 646 F.3d 1157, 1160–61 (9th Cir. 2011); *see also Lawendi v. Bowen*, No. 5:26-cv-00845-FWS-ACCV, 2026 U.S. Dist. LEXIS 59835, at *3 (C.D. Cal. Mar. 13, 2026) ("To the extent Petitioner disputes the sufficiency of the bond hearing he received, those arguments are more appropriately addressed to the Board of Immigration Appeals . . . , not [the district] court."); *Da Costa-Joao v. McGregor*, No. CV-26-00715-PHX-DWL (MTM), 2026 U.S. Dist. LEXIS 86879, at *5–6 (D. Ariz. Apr. 16, 2026) (denying relief where Petitioner sought "to raise challenges to the outcome of the bond hearing and how that hearing was conducted" because they were "challenges Petitioner could have raised via a request for review by the BIA"). Further, any potential disagreement with the merits of the immigration judge's decision concerning bond would fall outside of the Court's authority. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *see also Salgado Valenzuela v. Semaia*, No. 5:25-cv-02853-SSS-RAO, 2025 U.S. Dist. LEXIS 256917, at *4 (C.D. Cal. Dec. 10, 2025) ("Although Petitioner may disagree with the outcome of the [immigration judge's] determination at the bond hearing, this Court does not have jurisdiction to sit as an appellate body over this issue.").

///

2

IT IS THEREFORE ORDERED that Judgment be entered granting the Petition. Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge within seven days of entry of this Order, in accordance with 8 U.S.C. § 1226(a). If Respondents do not provide Petitioner with an individualized bond hearing within seven days, they must immediately release her.

DATED: May 6, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE